USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 23, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RAHJEEM WILLIAMS,                                           :
                                                            :
                          Plaintiff,                        :
                                                            :
            -v-                                             :   17-cv-5676 (KBF)
                                                            :
THE CITY OF NEW YORK, D.T. COREY                            :   MEMORANDUM
NOAK                                                        :   OPINION & ORDER
                                                            :
                          Defendants.                       :
                                                            X
------------------------------------------------------------

KATHERINE B. FORREST, United States District Judge:

    Rahjeem Williams ("Williams" or "plaintiff") filed suit pro se against the City of New York and other defendants ("defendants") alleging malicious prosecution based on a June 16, 2016, police search of an apartment Williams was in. (See ECF No. 34.) Plaintiff seeks $1 million in damages. (See id.) The Court dismissed the case without prejudice on February 2, 2018, due to plaintiff's failure to prosecute and failure to comply with Court orders. (ECF No. 26). The Court reopened the case, however, on February 26, 2018, after receiving an updated mailing address from plaintiff. (See ECF No. 31.)

    On July 30, 2018, the Court ordered plaintiff to serve full discovery responses on defendants by August 15, 2018. (ECF No. 45.) The Court warned that failure to serve the responses would result in dismissal of this case. (Id.) On August 17, 2018, the Court ordered defendants to provide the Court with a status update on

plaintiff's compliance with the Court's Order. (ECF No. 47.) On August 20, 2018, defendants informed the Court that plaintiff had still not served discovery responses. (ECF No. 48) Defendants asked the Court to dismiss the case for failure to prosecute and failure to comply with Court orders. (Id.)

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case <u>sua sponte</u> for failure to prosecute." <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630 (1962)). A district court considering a Rule 41(b) dismissal with prejudice must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

<u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014) (quoting <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996)). Even where a plaintiff fails to comply with a court order that includes a notice of possible dismissal, "the court must still make a finding of willfulness, bad faith, or reasonably serious fault" by evaluating those criteria. <u>Id.</u> at 217 (quoting <u>Mitchell v. Lyons Prof'l Servs., Inc.</u>, 708 F.3d 463, 467 (2d Cir. 2013)). A <u>pro se</u> litigant's claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." <u>Id.</u> (quoting <u>LeSane</u>, 239 F.3d at 209).

On numerous instances, plaintiff has failed to prosecute this case and failed to comply with Court orders.  Earlier in the litigation, plaintiff failed to provide the Court and defendants with this proper address, despite repeated orders for him to do so.  (See ECF Nos. 6, 7, 11, 13, 25.)  Now, plaintiff has failed to comply with the Court's order that he serve discovery responses on defendants, despite the Court's warning that failure to do so would result in dismissal of the case.  (See ECF No. 45.)  This presents a sufficiently extreme situation to merit dismissal with prejudice, as the five factors to be considered when dismissing a case indicate.  See Baptiste, 768 F.3d at 216-17.

First, plaintiff has failed to comply with Court orders throughout the litigation.  Plaintiff has failed to comply with the discovery order since July 30, 2018, when the Court ordered him to produce discovery responses.  (ECF No. 45.)  This failure to comply comes after almost of year of non-compliance with Court orders, beginning with the Court's August 23, 2017, order that plaintiff provide an updated address through to the Court's previous dismissal of this case in February 2018.  (See ECF No. 6; see also ECF Nos. 7, 11, 13, 25.)

Second, each Order regarding plaintiff's failures to prosecute and failures to comply have explicitly warned that failure to comply would result in dismissal of the case.  (See ECF Nos. 6, 7, 11, 13, 25, 45; see also ECF No. 47.)  Furthermore, plaintiff should have been particularly aware of the real possibility of dismissal given that his case was already dismissed for exactly the reason it was threatened in the most recent order.  (See ECF No. 26.)

3

Third, defendants are prejudiced by the extensive delays plaintiff has caused by failing to comply with Court orders.  Although the delay in each failure has not been as long as it could have been, the repeated delays together have dramatically slowed the pace of this case, which was filed more than a year ago and has not yet proceeded through discovery.  (See ECF No. 1.)

Fourth, dismissing this case in light of the Court's strong interest in managing its docket would not deprive plaintiff with a fair chance to be heard.  The Court has tried numerous times to prompt plaintiff's engagement with his own case, but the prompts have been unsuccessful.  The Court must this time strike the balance in favor of efficiency after giving plaintiff six opportunities to provide an updated address (ECF Nos. 6, 7, 11, 13, 25, 40) and two opportunities to provide defendants with required filings (ECF Nos. 21, 45), all to no avail.

Fifth, a less severe sanction is not appropriate at this point.  The Court has already given plaintiff a severe warning—dismissal without prejudice (ECF No. 26)—and a second chance—reopening of the case at plaintiff's request (ECF No. 28).  Still, since reopening the case, plaintiff has failed to prosecute his case and comply with Court orders on two occasions.  (ECF Nos. 40, 45.)  This demonstrates that less severe sanctions will not cause plaintiff to comply.

Accordingly, plaintiff's complaint is DISMISSED with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated: New York, New York
August 23, 2018

_____
KATHERINE B. FORREST
United States District Judge

Copy to:
  (1) Rahjeem Williams
     720 Malcolm X Blvd., Apt. 12E
     New York, NY 10037

  (2) Rahjeem Williams
     skinnyskin50@gmail.com